CV 14 2819

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SAUNDRA HAMDAN,

                               Plaintiff,

    -against-

CITY OF NEW YORK, ANDREW FAGO, Individually,
UNDERCOVER POLICE OFFICER C0105, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                               Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

GARAUFIS, J.

MANN, M.J.

       Plaintiff SAUNDRA HAMDAN, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SAUNDRA HAMDAN is a fifty-five year old female residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ANDREW FAGO, UNDERCOVER POLICE OFFICER C0105, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On July 13, 2012, at approximately 3:00 p.m., in front of 16 Avon Place, Staten Island, New York, the defendant NYPD officers, believed to include defendant ANDREW FAGO, unlawfully stopped, detained, and arrested plaintiff SAUNDRA HAMDAN.

13. The defendant officers falsely arrested plaintiff HAMDAN based on the false allegations of defendant UNDERCOVER POLICE OFFICER C0105, who falsely alleged that plaintiff sold a quantity of cocaine to him on May 30, 2012.

14. Defendant officers thereafter transported plaintiff HAMDAN to the 120th Police Precinct and imprisoned her therein. The defendant officers, including defendant FAGO and UNDERCOVER POLICE OFFICER C0105, caused plaintiff to be imprisoned until July 15, 2012 based on said false allegations.

15. On July 15, 2012, the Richmond County District Attorney filed false charges against plaintiff HAMDAN as a result of the false and manufactured allegations of defendant UNDERCOVER POLICE OFFICER C0105. On July 15, 2012, plaintiff HAMDAN was arraigned in Richmond County Criminal Court on the false charges of criminal sale of a controlled substance in the 3rd degree, a class B felony, and criminal possession of a controlled substance in the 7th degree, a class A misdemeanor. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to justify their improper and baseless arrest of plaintiff.

16. Defendant FAGO and UNDERCOVER POLICE OFFICER C0105 created and manufactured false evidence against plaintiff and conveyed said evidence to the Richmond

County District Attorney's Office, causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

17. Specifically, defendants FAGO and UNDERCOVER POLICE OFFICER C0105 swore to false allegations that plaintiff had purportedly sold narcotics to UNDERCOVER POLICE OFFICER C0105 on May 30, 2012, at approximately 3:25 p.m.

18. As a result of the malicious prosecution, plaintiff was compelled to return to court on three occasions, until February 5, 2013, on which date all of the charges lodged against plaintiff were dismissed and sealed in Richmond County Criminal Court.

19. Defendant NYPD officers FAGO, UNDERCOVER POLICE OFFICER C0105, and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and of falsification.

21. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, engage in a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and engage in a practice of falsification.

22. Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

23. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24. As a result of the foregoing, plaintiff SAUNDRA HAMDAN sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff SAUNDRA HAMDAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiff SAUNDRA HAMDAN without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

34. Defendants caused plaintiff SAUNDRA HAMDAN to be falsely arrested and unlawfully imprisoned.

35. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District Attorneys' office.

38. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about February 5, 2013.

39. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants issued criminal process against plaintiff SAUNDRA HAMDAN by causing her to be arraigned and prosecuted for violation of the Penal Law.

42. Defendants caused plaintiff SAUNDRA HAMDAN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to justify

their improper and baseless investigation of plaintiff.

43. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants created false evidence against plaintiff SAUNDRA HAMDAN.

46. Defendants utilized this false evidence against plaintiff SAUNDRA HAMDAN in legal proceedings.

47. As a result of defendants' creation and use of false evidence, plaintiff SAUNDRA HAMDAN suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

48. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants had an affirmative duty to intervene on behalf of plaintiff SAUNDRA

HAMDAN, whose constitutional rights were being violated in their presence by other officers.

51. The defendants failed to intervene to prevent the unlawful conduct described herein.

52. As a result of the foregoing, plaintiff SAUNDRA HAMDAN'S liberty was restricted for an extended period of time, he was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

53. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.  The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SAUNDRA HAMDAN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SAUNDRA HAMDAN.

61.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SAUNDRA HAMDAN as alleged herein.

62.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SAUNDRA HAMDAN as alleged

herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SAUNDRA HAMDAN was unlawfully arrested and maliciously prosecuted.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SAUNDRA HAMDAN'S constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff SAUNDRA HAMDAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from deprivation of her right to fair trial; and

    E. To be free from the failure to intervene.

66. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

69. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SAUNDRA HAMDAN.

74. Defendants caused plaintiff SAUNDRA HAMDAN to be prosecuted without probable cause until the charges were dismissed on or about February 5, 2013.

75. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

78. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

80. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SAUNDRA HAMDAN.

81. As a result of the aforementioned conduct, plaintiff SAUNDRA HAMDAN suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

82. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff SAUNDRA HAMDAN.

85. Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff SAUNDRA HAMDAN.

89. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

92. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions.

98. As a result of the foregoing, plaintiff SAUNDRA HAMDAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SAUNDRA HAMDAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 2, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff SAUNDRA HAMDAN
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>      BRETT H. KLEIN (BK4744)
>      JASON LEVENTHAL (JL1067)